IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WHAM-O HOLDING, LTD. and
INTERSPORT CORP. d/b/a WHAM-O,

    Plaintiffs,

v.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

    Defendants.

Case No.: 18-cv-5878

Judge Robert W. Gettleman

Magistrate Judge Mary M. Rowland

## FINAL JUDGMENT ORDER

This action having been commenced by WHAM-O HOLDING, LTD. and INTERSPORT CORP. d/b/a WHAM-O ("WHAM-O" or "Plaintiffs") against the defendants identified in the attached First Amended Schedule A and using the Defendant Domain Names and Online Marketplace Accounts (collectively, the "Defendant Internet Stores"), and WHAM-O having moved for entry of Default and Default Judgment against the defendants identified in the First Amended Schedule A attached hereto (collectively, the "Defaulting Defendants");

This Court having entered upon a showing by WHAM-O, a temporary restraining order and preliminary injunction against Defaulting Defendants which included a domain name transfer order and asset restraining order;

WHAM-O having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication or e-mail, along with any notice that Defaulting Defendants received from domain name registrars and payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the

pendency of the action and affording them the opportunity to answer and present their objections; and

None of the Defaulting Defendants having answered the Complaint or appeared in any way, and the time for answering the Complaint having expired;

THIS COURT HEREBY FINDS that it has personal jurisdiction over Defaulting Defendants since Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Defaulting Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Defendant Internet Stores through which Illinois residents can purchase products bearing counterfeit versions of WHAM-O's trademarks which are protected by U.S. Trademark Registration No. 739,307 (the "HULA HOOP Trademark").

THIS COURT FURTHER FINDS that Defaulting Defendants are liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114), false designation of origin (15 U.S.C. § 1125(a)), and violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510, et seq.).

IT IS HEREBY ORDERED that WHAM-O's Motion for Entry of Default and Default Judgment is GRANTED in its entirety, that Defaulting Defendants are deemed in default and that this Final Judgment is entered against Defaulting Defendants.

IT IS FURTHER ORDERED that:

1. Defaulting Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

a. using the HULA HOOP Trademark or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine WHAM-O Product or not authorized by WHAM-O to be sold in connection with the HULA HOOP Trademark;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine WHAM-O Product or any other product produced by WHAM-O, that is not WHAM-O's or not produced under the authorization, control or supervision of WHAM-O and approved by WHAM-O for sale under the HULA HOOP Trademark;

c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control or supervision of WHAM-O, or are sponsored by, approved by, or otherwise connected with WHAM-O;

d. further infringing the HULA HOOP Trademark and damaging WHAM-O's goodwill;

e. otherwise competing unfairly with WHAM-O in any manner;

f. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for WHAM-O, nor authorized by WHAM-O to be sold or offered for sale, and which bear any of the HULA HOOP Trademark or any reproductions, counterfeit copies or colorable imitations thereof;

g. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, the Defendant Domain Names, or any other domain name or online marketplace account that is being used to sell or is the means

       by which Defaulting Defendants could continue to sell Counterfeit/Infringing Products; and

   h. operating and/or hosting websites at the Defendant Domain Names and any other domain names registered or operated by Defaulting Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the HULA HOOP Trademark or any reproductions, counterfeit copies or colorable imitations thereof that is not a genuine WHAM-O Product or not authorized by WHAM-O to be sold in connection with the HULA HOOP Trademark.

2. The domain name registries for the Defendant Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, within three (3) business days of receipt of this Order, shall, at WHAM-O's choosing:

   a. permanently transfer the Defendant Domain Names to WHAM-O's control, including unlocking and changing the registrar of record for the Defendant Domain Names to a registrar of WHAM-O's selection, and the domain name registrars shall take any steps necessary to transfer the Defendant Domain Names to a registrar of WHAM-O's selection; or

   b. cancel the registrations for the Defendant Domain Names and make them inactive.

3. Those in privity with Defaulting Defendants and with actual notice of this Order, including any online marketplaces such as iOffer and Alibaba Group Holding Ltd., Alipay.com Co., Ltd. and any related Alibaba entities (collectively, "Alibaba"), social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, web hosts for the Defendant Domain Names, and domain name registrars, shall within three (3) business days of receipt of this Order:

4

    a. disable and cease providing services for any accounts through which Defaulting Defendants engage in the sale of counterfeit and infringing goods using the HULA HOOP Trademark, including any accounts associated with the Defaulting Defendants listed on the First Amended Schedule A attached hereto;

    b. disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of counterfeit and infringing goods using the HULA HOOP Trademark; and

    c. take all steps necessary to prevent links to the Defendant Domain Names identified on the First Amended Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Domain Names from any search index.

4. Pursuant to 15 U.S.C. § 1117(c)(2), WHAM-O is awarded statutory damages from each of the Defaulting Defendants in the amount of one million dollars ($1,000,000) for willful use of counterfeit HULA HOOP Trademark on products sold through at least the Defendant Internet Stores.

5. Western Union shall, within two (2) business days of receipt of this Order, permanently block any Western Union money transfers and funds from being received by the Defaulting Defendants identified on the First Amended Schedule A.

6. Amazon Payments, Inc. ("Amazon"), ContextLogic, Inc. ("WISH"), PayPal, Inc. ("PayPal") and/or Alipay' US, Inc. ("Alipay") shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites identified in the First Amended Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

5

7. All monies currently restrained in Defaulting Defendants' financial accounts, including monies held by Amazon and Alipay, are hereby released to WHAM-O as partial payment of the above-identified damages, and Amazon and Alipay is ordered to release to WHAM-O the amounts from Defaulting Defendants' Amazon and Alipay accounts within ten (10) business days of receipt of this Order.

8. Until WHAM-O has recovered full payment of monies owed to it by any Defaulting Defendant, WHAM-O shall have the ongoing authority to serve this Order on Amazon and Alipay in the event that any new accounts controlled or operated by Defaulting Defendants are identified. Upon receipt of this Order, Amazon and Alipay shall within two (2) business days:

   a. Locate all accounts and funds connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites, including, but not limited to, any Amazon and Alipay accounts;

   b. Restrain and enjoin such accounts or funds from transferring or disposing of any money or other of Defaulting Defendants' assets; and

   c. Release all monies restrained in Defaulting Defendants' Amazon and Alipay accounts to WHAM-O as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

   d. Upon Plaintiffs' request, the Internet marketplace website operators and/or administrators for the Seller IDs shall disable and/or cease facilitating access to the Seller IDs, including any other alias seller identification names being used and/or controlled by Defendants to engage in the business of marketing, offering to sell, and/or selling goods bearing and/or using counterfeits and infringements of Plaintiffs HULA HOOP Trademark.

9. Until WHAM-O has recovered full payment of monies owed to it by any Defaulting Defendant, WHAM-O shall have the ongoing authority to serve this Order on any banks, savings and loan associations, or other financial institutions (collectively, the "Financial Service Providers") in the event that any new financial accounts controlled or operated by Defaulting Defendants are identified. Upon receipt of this Order, the Financial Service Providers shall within two (2) business days:

   a. Locate all accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites;

   b. Restrain and enjoin such accounts from receiving, transferring or disposing of any money or other of Defaulting Defendants' assets; and

   c. Release allmonies restrained in Defaulting Defendants' financial accounts to WHAM-O as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

   d. Upon Plaintiffs' request, the Internet marketplace website operators and/or administrators for the Seller IDs shall disable and/or cease facilitating access to the Seller IDs, including any other alias seller identification names being used and/or controlled by Defendants to engage in the business of marketing, offering to sell, and/or selling goods bearing and/or using counterfeits and infringements of Plaintiffs' HULA HOOP Trademark.

10. In the event that WHAM-O identifies any additional online marketplace accounts, domain names or financial accounts owned by Defaulting Defendants, WHAM-O may send notice of any supplemental proceeding to Defaulting Defendants by e-mail at the email addresses identified in Exhibit 2 to the Declaration of Todd Richards and any e-mail addresses provided for Defaulting Defendants by third parties.

11. The bond posted by Plaintiffs in the amount of $10,000.00 is hereby ordered released by the Clerk to Plaintiffs or Plaintiffs' counsel.

This is a Final Judgment.

Dated: __November 15__, 2018

_____
United States District Court Judge

## FIRST AMENDED SCHEDULE A

| NO. | DEFENDANTS |
|---|---|
| 775 | advancedshop |
| 777 | Angelwing |
| 778 | Aowark |
| 781 | BaiJieHuLiYongPinDian |
| 782 | BestSellerAMZ |
| 784 | Binglinghua® |
| 785 | Blue Magpie |
| 786 | BoatShop |
| 790 | East Golden Tire |
| 791 | Easyflower |
| 792 | Edison pYd |
| 793 | Elliot Cotton |
| 795 | FJTANG |
| 796 | FRD Direct |
| 798 | Haotianyuan |
| 800 | hetingting |
| 801 | Hong Wang E.C. |
| 802 | hongme |
| 804 | Jiang Congchao |
| 805 | Ju An Si Wei2017 |
| 806 | LEOSO Store |
| 807 | Li Wanshu |
| 808 | Lolicute |
| 809 | LOOKTARN |
| 810 | Lukalook |
| 811 | MaximumStore |
| 812 | mxsupermarket |

9

| 814 | Natasha_Store |
| --- | --- |
| 815 | NHeStore |
| 816 | Nokiko888 |
| 818 | OUMOUM |
| 819 | PIAOFENGLING |
| 821 | Preeyawadee |
| 822 | qiaoW |
| 823 | Redriver |
| 824 | Sanadeson |
| 825 | Sarora |
| 827 | Smartwin Tec |
| 828 | SOVS |
| 829 | spraypaint |
| 830 | StarArk |
| 831 | SZYT |
| 832 | TEDLA |
| 834 | tradeaco |
| 835 | Treeon |
| 836 | ULKEME |
| 837 | Urvogue |
| 838 | VarichLotus |
| 839 | WelcomeSuperStore |
| 841 | Worldshops |
| 842 | Yanoen |
| 843 | Yate Store |
| 847 | chkj0755 |
| 848 | Devil's Gym House |
| 849 | fboon Global Store |
| 850 | footballgood |
| 851 | JAYSON Store |
| 852 | Jinan Bingxin International Business Co., Ltd. |
| 853 | Lanxi Tang Zheng Ge Plastic Product Factory |

10

| 854 | Lchengyi Store |
|-----|----------------|
| 855 | Nantong Hanjin Sporting Fitness Co., Ltd. |
| 856 | Nantong Health Sports Goods Co., Ltd. |
| 857 | Nantong Ican Fitness Co., Ltd. |
| 858 | Nantong Ruilin International Co., Ltd. |
| 859 | Ningbo Jiaqi Imp. & Exp. Trading Co., Ltd. |
| 860 | onebuyone |
| 861 | Rizhao Multielement Sporting Goods Co., Ltd. |
| 862 | Shantou Chenghai Sijiali Plastic Factory |
| 863 | Shantou Jinyu Trading Co., Ltd. |
| 864 | Shantou Longhu Xuchang Toy Firm |
| 865 | Shantou Yuantu Plastic Industry Co., Ltd. |
| 866 | Shenzhen JYC Technology Ltd. (Protector Branch) |
| 867 | Shenzhen Xinhualong Electronic Co., Ltd. |
| 868 | Suzhou Kylin Electronic Technology Co., Ltd. |
| 869 | SZ Superzyy N1 Store |
| 870 | Thick Fish Store |
| 871 | Windys Legends Kid365 Store |
|     |    |
| 873 | Yiwu Jianyu Imp & Exp Co., Ltd. |
| 874 | Yiwu Qida Electronics Co., Ltd |
| 875 | Yiwu Songgang Sports Co., Ltd. |
| 876 | Zhejiang Yiwu Sintai Sports Equipment Factory |